# FIRST ·NATIONAL BANK OF BRECKENRIDGE v. RICHARD SCHRODER.[1]

September 28, 1928.

No. 26,826.

**When maker of note cannot testify as to conversations with third person in reference to it.**

1.   In an action by the holder thereof, the maker of a note and mortgage may not testify as to conversations with a third person in reference thereto, where such third person is not shown to have possession of the note or mortgage nor to be the agent of the holder thereof at the time.

**Offers of and discussions about prejudicial matters before jury are improper.**

2.   Extended offers and discussions by counsel, in the presence of the jury, of incompetent and prejudicial matters *held* not proper.

**What is not clear and convincing proof of fraud.**

3.   Where the evidence to avoid written instruments on the ground of misrepresentations or fraud is that of defendant alone, and is ˙inherently weak and contradicted by the credible testimony of a disinterested witness, it does not measure up to the rule requiring the proof in such cases to be clear and convincing.

**Impeachment of record books in evidence.**

4.   Where record books are introduced in evidence, the party against whom they are presented may impeach such books by calling witnesses to prove that other entries therein, affecting other persons, are false and fraudulent.

**Effect of defendant's admission of indebtedness in certain sum.**

5.   Where plaintiff seeks to recover possession of personal property under a chattel .mortgage and the pleadings and evidence disclose that plaintiff holds two such mortgages, both covering a substantial part of the same property, and defendant admits an indebtedness of a given amount, secured by one admittedly valid mortgage, the defend-

[1]Reported in 221 N. W. 62.

ant is not entitled to a general verdict in his favor on a finding that the other mortgage, not admitted as valid, was procured by fraud.

Contracts, 13 C. J. p. 778 n. 19.
Evidence, 22 C. J. p. 376 n. 21; p. 883 n. 75.
Trial, 38 Cyc. p. 1478 n. 59.

Plaintiff appealed from an order of the district court for Wilkin county, Flaherty, J. denying its alternative motion for judgment or a new trial. Reversed and new trial granted.

*Lewis E. Jones,* for appellant.

*C. G. Dosland* and *F. H. Peterson,* for respondent.

OLSEN, C.

Appeal by plaintiff from an order denying its alternative motion for judgment or a new trial.

The action is one in claim and delivery to recover possession of personal property. The complaint alleges plaintiff's ownership and right to possession in general terms. The answer alleges that on December 21, 1923, defendant executed and delivered his note for $1,850, and a chattel mortgage upon live stock and farm machinery to secure same, to the First State Bank of Wolverton; that he has since learned that this note and mortgage were in fact payable to this plaintiff; that he made payments reducing the indebtedness to $500; that on December 29, 1925, he gave a new note and chattel mortgage to secure the same upon personal property described in the complaint; that he believed said new note and mortgage were given to said First State Bank of Wolverton, but has since learned same were payable to this plaintiff; that he was induced to give said new note and mortgage by fraudulent representations of T. E. Knudson, an officer of the Wolverton bank, who represented and acted for plaintiff in the matter; that it was agreed that the new note and mortgage were to be for the balance of $500 only, and it was represented to defendant that they were for that amount only, and that the instruments were so read to him; that these instruments were falsely and fraudulently made for $1,500. Plaintiff, by its reply, sets out the new note and mortgage of December 29, 1925, for $1,500, and denies any fraud in procuring same, and

denies that the officer of the Wolverton bank was the agent of or acted for or represented the plaintiff, or that he had anything to do with procuring the note and mortgage. Defendant, in his answer, admits an indebtedness of $500 and interest, and alleges his willingness to bring the money into court. The action was tried and submitted to the jury on the question of whether the new note and mortgage were procured by fraud. The jury returned a general verdict for defendant.

1. Defendant was permitted, over objections, to testify to conversations about payments with T. E. Knudson at times when the note was not in his possession and nothing done in reference thereto. The evidence so received was not competent, and was confined to self-serving statements made by defendant; neither would it be competent as declarations of a supposed agent on Knudson's part. Standing alone, this evidence would not be of sufficient materiality to require a reversal.

2. The clerk of court was called by the defendant for the purpose of showing that T. E. Knudson (alleged by defendant to have procured the note and chattel mortgage by fraud) upon his arraignment in court upon a criminal charge not connected with the matter here in issue, had admitted that he had forged many notes other than the notes here in question and had committed various larcenies. There were strenuous objections by plaintiff's counsel, and the objections were first overruled and later sustained. The court then, on its own motion, admonished the jurors to disregard the matter and to give no consideration to the offered evidence. The witness had not given the testimony except to the extent of showing that Knudson had plead guilty to a charge of larceny. However, broad offers were made before the jury to show admissions of forgeries and larcenies by Knudson, and the offers and discussions by counsel in the presence of the jury take up some nine pages of the printed record. The matter was so fully gone into in the presence of the jury that it is quite clear that no admonition of the court could remove the impression from the minds of the jurors. It is true that later in the case evidence was presented to show that certain notes listed as assets on the books of the Wolver-

ton bank were forgeries, but Knudson's connection therewith, except perhaps in one case, would be inferential only. Knudson was not a witness, and the evidence was not offered to impeach any testimony given by him.

3. Defendant's evidence as to the alleged fraud is his own testimony. It is not corroborated unless such corroboration is found in testimony tending to show that Knudson was dishonest and had committed larceny and forged other paper. Plaintiff produced one Nelson, now a merchant at Breckenridge and formerly an employe of plaintiff, who, so far as appears, is a disinterested and reputable witness. He testified that he prepared and procured the note and mortgage in question and that there was no fraud or misrepresentation in the matter. It clearly appears that plaintiff was the holder and owner of the prior note and mortgage for $1,850, and that the only payment actually coming to or received by it was $350 and interest, reducing the indebtedness to $1,500. Defendant's own testimony is not very persuasive. His testimony as to paying $385 in cash to Knudson, to be applied on this note and mortgage, and as to the sources from which he obtained the money, and his account of giving a check for $290, not produced and no record of which is found, are not convincing. He admits his signature to the two notes and mortgages running to this plaintiff, but denies his signature to three notes running to the Wolverton bank and his signature to a property statement. He first admitted his signature to this statement, but when shown that it described land owned by his mother, he said that was wrong and said: "Well, that ain't my paper then. I didn't sign it. I couldn't swear to a lie. * * * I deny it, then." At another place he testified: "Well, I know my signature, but I won't swear to my own signature." The property statement was not sworn to. To the ordinary observer, not an expert, the signatures cannot be distinguished one from the other. He testified that a check or draft received by him from a sale of stock was some over $1,400. The check was for $1,280.47. He does not recollect receiving any notices from plaintiff bank as to the note, then denies receiving any. He signed two

notes and two mortgages running to plaintiff, its name printed in heavy black capital letters in each note, but claims he did not know plaintiff was payee in either notes or mortgages.

It is not for us to pass upon the weight or credit to be given to the testimony of witnesses; but, bearing in mind the rule that the evidence to invalidate and set aside written instruments alleged to have been obtained by fraud should, as charged by the trial court, be clear and convincing, and in view of the matters hereinbefore pointed out, we conclude that justice will be best served by granting a new trial.

4.  Plaintiff introduced in evidence the bills receivable record of the Wolverton bank to show defendant's notes to that bank. Defendant then presented evidence that other entries in the same record were false, to impeach the record. The rule is stated in 22 C. J. 883, that the party against whom a book of account is admitted may show the general character of the book by pointing to charges and entries affecting other persons and calling witnesses to prove that these entries are false and fraudulent. That rule would seem to apply here, and we find no error in admitting the evidence so presented by defendant to impeach this record book.

5.  In view of a new trial, it may be noted that plaintiff's first chattel mortgage, given in December, 1923, remains unsatisfied and apparently covers a substantial part of the property described in the complaint. Defendant admits an indebtedness of $500 as part of the debt secured by that mortgage and alleges willingness and ability to pay that sum and interest. If defendant prevails on the issue of fraud as to the later note and mortgage, he should not be entitled to a general verdict and judgment in his favor until and unless he tenders and pays into court for the plaintiff the amount admitted to be due.

Other alleged errors have been examined and found not to require discussion here.

Order reversed and new trial granted.